IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT THIRD MUNICIPAL DISTRICT, LAW DIVISION

| | | |
|---|---|---|
| LAWRENCE KRIVAK, | ) | 2017L063073 |
| | ) | CALENDAR/ROOM K |
| Plaintiff, | ) | TIME 00:00 |
| | ) | Premises Liability |
| vs. | ) | No. |
| | ) | |
| HOME DEPOT USA INC | ) | Amount Claimed: in excess of |
| | ) | $100,000.00 plus costs |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES the plaintiff, LAWRENCE KRIVAK, by and through his attorney, JOHN J. CORBETT of the LAW OFFICES OF JOHN J. CORBETT, complaining of the defendant, HOME DEPOT, states as follows:

**Statement of Facts**

1. At times pertinent hereto, the defendant, HOME DEPOT, a Delaware Corporation, doing business within the County of Cook and State of Illinois, was engaged in the business of providing home improvement supplies and services to the general public.

2. Defendant HOME DEPOT is now, and on July 11, 2015, controlled and managed the property located at 600 Meacham Road, Elk Grove Village, in Cook County Illinois, including the parking lots and sidewalks, for use by residents and others lawfully on said premises.

3. On and prior to July 11, 2015, the Plaintiff, LAWRENCE KRIVAK ("KRIVAK"), was a resident of Elk Grove Village, County of Cook, State of Illinois.

4. On July 11, 2015, Plaintiff KRIVAK was lawfully on the premises located at 600 Meacham Road, in Cook County Illinois.

5. On July 11, 2015, the Defendant HOME DEPOT, individually and/or by and through its agents, servants and/or employees, had a duty to maintain the aforementioned premises, including; said sidewalks, parking lots, entrances and exits, in a reasonably safe condition for

persons lawfully on said premises, and to provide a reasonably safe means of ingress and egress from the property, for residents and others lawfully on said premises, including the Plaintiff herein.

7. At the aforesaid date and place, the Defendant, HOME DEPOT, by and through its agents, servants and/or employees, disregarding said duty caused the; sidewalks, parking lots, entrance and exits, and/or failed to properly maintain an even grade between the cement and asphalt surface on the aforementioned sidewalks, parking lots, entrance and exists on their premises, allowing and/or causing the; sidewalks, parking lots, entrance and exits, to create an uneven ledge so as to render; sidewalks, parking lots, entrance and exits, dangerously uneven and unsafe for use.

8. At the aforesaid date and place, as the Plaintiff, KRIVAK, was walking from his car to the store located at 600 Meacham Road, Elk Grove Village, in Cook County Illinois, and as a result of a three to four inch uneven grade between the cement and asphalt in the Defendant's parking lot, Plaintiff KRIVAK was caused to trip and fall in the parking lot, twisting his ankle and striking his arm and knee on the pavement, sustaining a nondisplaced fracture of the lateral aspect of the radial head, epicondylitis of the lateral elbow, and edema of the lateral elbow. These conditions required multiple surgeries and numerous occupational and physical therapy sessions.

## Count 1
## NEGLIGENCE
## AGAINST DEFENDANT HOME DEPOT

1 – 8. Plaintiff KRIVAK repeats and reasserts the allegations of paragraphs 1 through 8 of the Statement of Facts as though fully set forth herein as paragraphs 1 through 8.

9. At the aforesaid date and place, the Defendant, HOME DEPOT, was the owner, maintainer, controller and manager of the aforementioned premises, either individually or by and through its agents, servants and/or employees, acted with less than reasonable care.

10. The inadequately repaired parking lot, the failure to provide warning presented an unreasonable risk of harm to patrons, invitees, and specifically Plaintiff KRIVAK.

11. Defendant HOME DEPOT, individually and/or by and through its agents, servants and/or employees, knew of the aforementioned dangerous conditions.

12. Defendant HOME DEPOT, individually and/or by and through its agents, servants and/or employees, failed to remedy and warn its invitees and patrons of the aforementioned dangerous, conditions.

13. Defendant HOME DEPOT, individually and/or by and through its agents, servants and/or employees, in the exercise of ordinary care, should have known that the aforementioned dangerous conditions presented the risk of unreasonable risk of harm for anyone who would use the parking lot.

14. Defendant HOME DEPOT could reasonably expect invitees, and specifically Plaintiff KRIVAK to use the parking lot.

15. Defendant HOME DEPOT could reasonably expect that invitees and specifically Plaintiff KRIVAK would utilize the parking lot and would not discover or realize its dangerous condition.

16. It was the **duty** of Defendant HOME DEPOT to exercise ordinary care in maintaining the parking lot and to exercise ordinary care in maintaining the premises in a reasonably safe condition, so as not to negligently cause injury to persons lawfully at Home Depot.

17. It was the **duty** of defendant HOME DEPOT, as a controlling and managing party of the parking lot in question, to exercise ordinary care to see that the parking lot was reasonably safe for the use of those lawfully on the property.

18. Defendant HOME DEPOT was negligent in maintaining the parking lot, and disregarding its duty to maintain the parking lot, Defendant HOME DEPOT was guilty of one or more of the following acts or omissions:

>   (a) Defendant HOME DEPOT failed to maintain the parking lot in a reasonably safe condition;

>   (b) Defendant HOME DEPOT failed to reasonably inspect the parking lot; and

>   (c) Defendant HOME DEPOT failed to warn Plaintiff KRIVAK of the danger of the three to four inch ledge in the parking lot that was difficult for patrons to see coming up to the entrance.

19. As a **proximate** result of the aforesaid defendant's negligence, Plaintiff KRIVAK, then and there severe injuries and will in the future continue to suffer **injuries**, pain, lost wages, and medical expenses

WHEREFORE, Plaintiff, LAWRENCE KRIVAK, by his attorneys, LAW OFFICES OF JOHN J. CORBETT, prays for a judgment in his favor and against the Defendant, HOME DEPOT, in such an amount in excess of $100,000.00 (one hundred thousand dollars) as compensation for the injuries sustained and additionally, the costs of bring this action.

Respectfully submitted,

_____
Attorney for Plaintiff

LAW OFFICES OF JOHN J. CORBETT
111 West Washington St., Suite 1500
Chicago, IL 60602
Phone: 312-558-1900
Fax:    224-764-2467
jcorbett@corbettlawchicago.com
Attorney No. 10930